THOMAS B. BOOTH, PLAINTIFF-RESPONDENT, v. J. OVERTON PAINE, DEFENDANT-APPELLANT.

Submitted May term, 1924—Decided September 24, 1924.

**Real Estate—Agent's Commission—Negotiation of Lease—Alleged Substitution of Another Contract of Lease—Plaintiff's Right to Stated on His Contract for Commissions.**

On appeal from the District Court of Morris county.

Before Justices TRENCHARD, MINTURN and LLOYD.

For the plaintiff-respondent, *Nicholas Le Vecchia.*

For the defendant-appellant, *King & Vogt.*

PER CURIAM.

This is an appeal from the District Court of Morris county, where plaintiff obtained a judgment rendered upon the verdict of a jury.

The plaintiff was a real estate agent, and defendant was the lessee of a certain property. The defendant desired to sublet the property, and requested the plaintiff to find a tenant for the property. Plaintiff secured one Northgrave for a tenant, and in consideration of his services Paine signed the following contract:

"NEWARK, N. J., February 1, 1919.

"The undersigned agrees to pay Thomas B. Booth five per cent. commission on lease of property, 50 Front street, Newark, for term October 23, 1919, to April 30, 1926, to Harry B. Northgrave, yearly rental $5,400. Thomas B. Booth leased the above property to Harry B. Northgrave this day, and this commission is to be paid annually in advance.

"(Signed)   J. OVERTON PAINE."

The commission was paid up to October 23d, 1922, but the commission that was due one year thereafter was not paid; and this suit was brought to recover the same.

The question first presented is, Was there error in the court's refusal to direct a verdict? We think there was not. The motion seemed to be rested upon the fact that there was admitted in evidence over plaintiff's objection what purports to be a contract for a leasing of the premises between Booth and Northgrave for a term of one year only. We think, however, that the judge was correct in declaring as he did in his charge, that the right of plaintiff to his commission was not affected by a different contract made without plaintiff's consent. Plaintiff had a legal right to stand upon his contract with defendant, and that being so, the direction was properly refused, and the exceptions to the charge are without merit.

The judgment will be affirmed.